IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES HENRY FLOURNOY,

          Plaintiff,                No. 2:11-cv-2844 KJM EFB P

        vs.

ERIC MANESS, et al.,

          Defendants.       <u>ORDER</u>

_____/

Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). *See* E.D. Cal. Local Rules, Appx. A, at (k)(4). Plaintiff has filed an amended complaint.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

////

1

1    In order to avoid dismissal for failure to state a claim a complaint must contain more than

2 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

3 of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words,

4 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

5 statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

6    Furthermore, a claim upon which the court can grant relief has facial plausibility.

7 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

8 content that allows the court to draw the reasonable inference that the defendant is liable for the

9 misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

10 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

11 *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

12 the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

13    A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal

14 Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain

15 statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

16 fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

17 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

18    The court has reviewed plaintiff's amended complaint and for the limited purposes of

19 § 1915A screening, finds that the following claims are potentially cognizable: (1) an Eighth

20 Amendment excessive force claim against defendant Kinder; (2) an Eighth Amendment

21 deliberate indifference claim against defendants Bauer and Sahba based on plaintiff's alleged

22 need for a wheelchair; and (3) a due process/privacy claim based on defendant Sotak's alleged

23 access to plaintiff's medical records.  The remaining allegations fail to state a cognizable claim

24 for relief.  Accordingly, plaintiff may either proceed only on the claims against defendants

25 Kinder, Bauer, Sahba and Sotak that are identified herein as cognizable, or he may amend his

26 complaint to attempt to cure the deficiencies in the complaint's remaining allegations.

1    Plaintiff is not obligated to amend his complaint.  If plaintiff chooses to proceed only on

2    the claims identified herein as cognizable, the court will construe plaintiff's election as his

3    voluntary dismissal of any remaining claims without prejudice.

4    Any amended complaint must be written or typed so that it so that it is complete in itself

5    without reference to any earlier filed complaint. L.R. 220.  This is because an amended

6    complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

7    earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

8    F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

9    being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

10   1967)).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an

11   amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

12   complaints).

13   Additionally, the court informs plaintiff of the following legal standards:

14   An individual defendant is not liable on a civil rights claim unless the facts establish the

15   defendant's personal involvement in the constitutional deprivation or a causal connection

16   between the defendant's wrongful conduct and the alleged constitutional deprivation. *See*

17   *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th

18   Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for

19   the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948

20   (2009).  Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must

21   plead that each Government-official defendant, through the official's own individual actions, has

22   violated the Constitution." *Id.*  It is plaintiff's responsibility to allege facts to state a plausible

23   claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.

24   2009).

25   To state a claim for violation of the Eighth Amendment based on inadequate medical

26   care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

3

indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind.  *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain.  *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).  It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).  Moreover, it is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

In order to state a claim that a public program or service violated Title II of the Americans with Disabilities Act ("ADA"), a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public

4

1   entity."); *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (ADA plaintiff may

2   seek injunctive relief against state officials in their official capacities).   Damages, however, are

3   only available under Title II of the ADA where a plaintiff proves the defendant acted with

4   deliberate indifference.   *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

5   　　　　Accordingly, the court hereby orders that:

6   　　　　1.  The allegations in the pleading are sufficient at least to state the following potentially

7   cognizable claims: an Eighth Amendment excessive force claim against defendant Kinder, an

8   Eighth Amendment deliberate indifference claim against defendants Bauer and Sahba, and a due

9   process/privacy claim against defendant Sotak.

10   　　　　2.  All remaining claims and defendants are dismissed with leave to amend within 30

11   days of service of this order.  Plaintiff is not obligated to amend his complaint.

12   　　　　3.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a

13   copy of the September 27, 2012 amended complaint, four USM-285 forms and instructions for

14   service of process on defendants Kinder, Bauer, Sahba, and Sotak.  Within 30 days of service of

15   this order plaintiff may return the attached Notice of Submission of Documents with the

16   completed summons, the completed USM-285 form, and five copies of the complaint.  The court

17   will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the

18   Federal Rules of Civil Procedure.  Defendants Kinder, Bauer, Sahba, and Sotak will be required

19   to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal

20   Rules of Civil Procedure.  In this event, the court will construe plaintiff's election to proceed

21   forthwith as his voluntary dismissal of all remaining claims and defendants, without prejudice.

22   　　　　4.  Failure to comply with this order will result in a recommendation that this action be

23   dismissed.

24   Dated:  January 14, 2013.

25   　　　　　　　　　　　　　　EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE

26

1

2

3

4

5                     IN THE UNITED STATES DISTRICT COURT

6                   FOR THE EASTERN DISTRICT OF CALIFORNIA

7     JAMES HENRY FLOURNOY,

8              Plaintiff,              No. 2:11-cv-2844 KJM EFB P
                       vs.
9
      ERIC MANESS,, et al.,
10
               Defendants.            NOTICE OF SUBMISSION OF DOCUMENTS
11
      _____/
12

13          In accordance with the court's Screening Order, plaintiff hereby elects to:

14          (1)  _____    proceed only with the cognizable claims identified in the court's

15    Screening Order, consent to the dismissal of all remaining claims and defendants, and submits

16    the following documents:

17               ___1___      completed summons form

18               ___4___      completed forms USM-285

19               ___5___      copies of the September 27, 2012 complaint

20          **OR**

21          (2)  _____    delay serving any defendant and files an amended complaint in

22    accordance with the court's Screening Order.

23    Dated:

24

25                                    _____
                                                  Plaintiff
26

                                        6