IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES HENRY FLOURNOY,

      Plaintiff,                    No. 2:11-cv-2844 KJM EFB P

    vs.

ERIC MANNESS, et al.,

                                 ORDER AND
      Defendants.          FINDINGS AND RECOMMENDATIONS

/

      Plaintiff is state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. After two screening orders issued pursuant to 28 U.S.C. § 1915A, plaintiff has filed a second amended complaint. Dckt. No. 22.

      Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

      The court finds that for the limited purposes of § 1915A screening, and liberally construed, the complaint states the following potentially cognizable claims: (1) an Eighth

Amendment deliberate indifference claim and an Americans with Disabilities Act ("ADA") claim for damages against defendant Bauer based on plaintiff's alleged need for a wheelchair and need to be confined to the "medical floor"; (2) an Eighth Amendment deliberate indifference claim against defendant Sahba based on plaintiff's alleged need for a wheelchair; (3) a due process/privacy claim based on defendant Sotak's alleged access to plaintiff's medical records; and (4) an Eighth Amendment excessive force claim and a § 1983 malicious prosecution claim against defendant Kinder.

Plaintiff's allegations regarding his need for a wheelchair and/or housing on the jail's "medical floor" form the basis of plaintiff's Eighth Amendment and ADA claims against defendant Bauer. To the extent plaintiff wishes to state a First Amendment retaliation claim against defendant Bauer based on Bauer's alleged "campaign of harassment, *see* Dckt. No. 22 at 16-17 ("Claim II"), he fails to do so. To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim*, 584 F.3d at 1271 n.4. Here, plaintiff has had two opportunities to amend his complaint and his allegations simply do not demonstrate a plausible First Amendment retaliation claim. Accordingly, this claim should be dismissed without leave to amend.

Accordingly, it hereby is ORDERED that:

1. Service is appropriate for defendants Bauer, Kinder, Sahba, and Sotak.

2. The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, an instruction sheet and one copy of the February 14, 2013 second amended complaint.

////

3. Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 forms and five copies of the endorsed complaint.

4. Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendants Bauer, Kinder, Sahba, and Sotak pursuant to Federal Rule of Civil Procedure 4 without payment of costs.  Failure to comply with this order may result in a recommendation that this action be dismissed.

Further, IT IS HEREBY RECOMMENDED that plaintiff's First Amendment claim against defendant Bauer be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 12, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES HENRY FLOURNOY,

       Plaintiff,                    No. 2:11-cv-2844 KJM EFB P

       vs.

ERIC MANNESS, et al.,

       Defendants.            NOTICE OF SUBMISSION OF DOCUMENTS

                               /

       Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

          1          completed summons form

          4          completed forms USM-285

          5          copies of the endorsed complaint

Dated:

                                                Plaintiff