UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HENRY FLOURNOY,<br><br>      Plaintiff,<br><br>   v.<br><br>ERIC MANESS, et al.,<br><br>      Defendants. | No.  2:11-cv-2844-KJM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA").  He asserts claims against defendants Bauer, Sotak, Sahba and Kinder.  Defendant Bauer moves to dismiss the ADA claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  ECF No. 41.  For the reasons that follow, the motion must be granted.

**I.     Rule 12(b)(6) Standard**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55, 562-63, 570 (2007) (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading

1

1 standard"). Thus, the grounds must amount to "more than labels and conclusions" or a

2 "formulaic recitation of the elements of a cause of action." *Id.* at 1965.  Instead, the "[f]actual

3 allegations must be enough to raise a right to relief above the speculative level on the assumption

4 that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation

5 omitted).  Dismissal may be based either on the lack of cognizable legal theories or the lack of

6 pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*,

7 901 F.2d 696, 699 (9th Cir. 1990).

8 The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v.*

9 *Flynn*, 744 F.2d 694, 696 (9th Cir. 1984).  The court construes the pleading in the light most

10 favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v.*

11 *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  General allegations are presumed to include

12 specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561

13 (1992).

14 The court may disregard allegations contradicted by the complaint's attached exhibits.

15 *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing,*

16 *Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998).  Furthermore, the court is not required to accept as

17 true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266

18 F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir.

19 1987)).  The court may consider matters of public record, including pleadings, orders, and other

20 papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir.

21 1986) (abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104

22 (1991)).  "[T]he court is not required to accept legal conclusions cast in the form of factual

23 allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v.*

24 *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept

25 unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, 266 F.3d at 988.

26 Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

27 *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Unless it is clear that no amendment can cure its

28 defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before

dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II. Analysis

Plaintiff has named defendant Bauer in his individual capacity and seeks damages against him for alleged ADA violations. ECF No. 22 (Second Amended Complaint); ECF No. 24 (§ 1915A Screening Order). For that reason, Bauer argues that claim fails as a matter of law. ECF No. 41 at 4.

The ADA authorizes suits by private citizens for money damages against public entities, *United States v. Georgia*, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the statutory definition of 'public entity.'" *Pennsylvania Dep't. of Corrs. v. Yeskey*, 524 U.S. 206, 210 (1998). However, "[i]n suits under Title II of the ADA . . . the proper defendant usually is an organization rather than a natural person. . . . Thus, as a rule, there is no personal liability under Title II." *Roundtree v. Adams*, No. 1:01-cv-06502-OWW-LJO, 2005 U.S. Dist. LEXIS 40517, at *22 (E.D. Cal. Dec. 1, 2005) (quotations and citations omitted). Indeed, a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in his individual capacity to vindicate rights created by Title II of the ADA. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

Because individual capacity suits against individual prison employees are precluded under the ADA, plaintiff's claim against defendant Bauer fails. Accordingly, defendant Bauer's motion to dismiss plaintiff's ADA claim must be granted. *See, e.g., James v. County of Sacramento*, No. 2:10-cv-664-MCE-DAD P, 2012 U.S. Dist. LEXIS 80749, at *11-12 (E.D. Cal. June 11, 2012).

Therefore, IT IS HEREBY RECOMMENDED that defendant Bauer's motion to dismiss plaintiff's ADA claim (ECF No. 41) be granted and that defendant Bauer be directed to file an answer to plaintiff's remaining claims within thirty days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

3

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 13, 2014.

    _____
    EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE