1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JAMES HENRY FLOURNOY,                    No.  2:11-cv-2844-KJM-EFB P

12                    Plaintiff,

13         v.                                   ORDER

14    ERIC MANESS, et al.,

15                    Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action

18    seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate

19    Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20         On February 11, 2015, the magistrate judge filed findings and recommendations,

21    which were served on all parties and which contained notice to all parties that any objections to

22    the findings and recommendations were to be filed within fourteen days.  The findings and

23    recommendations address two motions to dismiss, one filed by defendant Michael Sotak, ECF

24    No. 62, and one filed by defendant Glayol Sahba, ECF No. 63.  Defendant Sahba has filed

25    objections to the recommended denial of her motion to dismiss.  Neither defendant Sotak nor

26    plaintiff has filed objections to the recommended grant of defendant Sotak's motion to dismiss

27    with leave to amend the claim against defendant Sotak.

28    /////

1

1          With respect to that part of the findings and recommendations to which no

2    objections have been raised, the court presumes that any findings of fact are correct. *See Orand*

3    *v. United States*, 602 F.2d 207, 208 (9th Cir. 1979).  Where objections have been raised the

4    court's review is *de novo*. *See* 28 U.S.C. § 636(b)(1)(C) and Local Rule 304.  The magistrate

5    judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*,

6    708 F.2d 452, 454 (9th Cir. 1983).  Having carefully reviewed the file, for the reasons set forth

7    below the court declines to adopt section III(A) of the findings and recommendations concerning

8    plaintiff's claim against defendant Sotak.  The findings and recommendations concerning

9    defendant Sahba's motion to dismiss will be adopted as modified herein.

10                    Defendant Sotak

11          Plaintiff's claim against defendant Sotak is "a due process privacy claim based on

12   defendant Sotak's alleged unauthorized access to plaintiff's medical records."  ECF No. 74 at 3

13   (citing ECF No. 24 at 1-2; ECF No. 31).  Defendant Sotak seeks dismissal of this claim on three

14   grounds:  (1) defective service of process; (2) failure to state a claim under Federal Rule of Civil

15   Procedure 12(b)(6); and (3) failure to exhaust administrative remedies prior to suit.  The

16   magistrate judge recommends this claim be dismissed with leave to amend, finding that plaintiff

17   has "not alleged that there was no legitimate penological justification for Sotak's allegedly

18   unauthorized access of plaintiff's medical files."  ECF No. 74 at 7, 12.  The magistrate judge also

19   finds that plaintiff failed to exhaust administrative remedies for this claim.  ECF No. 74 at 7-9.[1]

20   Finally, the magistrate judge concludes that defective service on defendant Sotak can be cured in

21   the event plaintiff elects to file a third amended complaint.  ECF No. 74 at 9.

22   /////

23

24          [1] This claim was raised for the first time in plaintiff's first amended complaint. *Compare*
     ECF No. 1 *with* ECF No. 20.  If plaintiff failed to exhaust administrative remedies for this claim
     prior to filing his first amended complaint, it appears the claim would be dismissed without

25   prejudice but also without leave to amend.  The failure to exhaust administrative remedies prior to
     suit cannot be cured during the course of an action. *See McKinney v. Carey*, 311 F.3d 1198,

26   1199 (9th Cir. 2002); *cf. Cano v. Taylor,* 739 F.3d 1214, 1220 (9th Cir. 2014) (administrative

27   exhaustion of claims raised for first time in amended complaint need only precede filing of
     amended complaint, rather than original complaint, as long as new claims were not included in

28   original complaint).

                                                     2

1    This action is proceeding on plaintiff's second amended complaint (SAC), ECF

2    No. 22.  This complaint contains the following allegations relevant to plaintiff's claim against

3    defendant Sotak.  At all times relevant to this action plaintiff was confined at the Sacramento

4    County Jail (hereafter Jail) and defendant Sotak was the Chief Medical Officer at the Jail.  ECF

5    No. 22 ¶¶ 3, 4.  Plaintiff was transferred from the California Department of Corrections and

6    Rehabilitation (CDCR) to the Jail in October 2009 for a court appearance.  ECF No. 22 ¶ 9.

7    Plaintiff was sent from CDCR with "his own personal wheelchair and medical record transfer

8    sheets listing all his medical necessities."  ECF No. 22 ¶ 9.  On October 28, 2009, plaintiff's

9    wheelchair was confiscated by officers at the Jail.  ECF No. 22 ¶ 12.  On October 29, 2009,

10   plaintiff "was assaulted by an officer causing plaintiff to go to an outside hospital in which

11   plaintiff was given another wheelchair at the hospital."  ECF No. 22 ¶ 12.  On October 29 and 30,

12   2009, defendants Sotak and Sahba "re-prescribed" a wheelchair for plaintiff.  ECF No. 22 ¶ 12.

13
14   > 31.  Defendant Sotak asked plaintiff to sign a consent form, so that
     > Sotak could get plaintiff's medical records from Sutter General
     > Hospital on the day plaintiff was thrown down a flight of stairs by
     > an officer named Kinder (one of the defendants), on 10/29/09, after
15   > plaintiff had just arrived back to the jail.

16   > 32.  Plaintiff was intending on suing the Sacramento County Main
     > Jail after all he had went through in just two days of being there.
17   > Do to that fact, plaintiff refused to allow Sotak to get his medical
     > records from Sutter General hospital by refusing to sign a consent
18   > for Sutter to release plaintiff's medical records to the Sacramento
     > County Main Jail (Sotak), but Sotak responded by saying "I don't
19   > need your permission, I'll get them anyway."

20   > 33.   Through Sotak's own official individual actions, violated
     > plaintiff's constitutional rights, when he falsely obtained plaintiff's
21   > medical records from Sutter General Hospital on 10/29/09, without
     > plaintiff's permission.
22

23   ECF No. 22 ¶¶ 31-33 (verbatim transcription).

24   The findings and recommendations set forth the legal principles that apply to

25   plaintiff's due process claim for informational privacy.  ECF No. 22 at 4-6.  In particular, the

26   United States Court of Appeals for the Ninth Circuit has held that "prisoners do not have a

27   constitutionally protected expectation of privacy in prison treatment records when the state has a

28   legitimate penological interest in access to them."  *Seaton v. Mayberg*, 610 F.3d 530, 534 (9th

1  Cir. 2010).  The magistrate judge correctly finds that plaintiff has failed to allege facts suggesting

2  an absence of legitimate penological justification for Sotak's act of obtaining plaintiff's medical

3  records from Sutter  Hospital without plaintiff's consent, requiring dismissal of the claim.  ECF

4  No. 22 at 7.  He recommends, however, that the dismissal be with leave to amend.  ECF No. 22 at

5  9, 13.  This court disagrees that the defect in plaintiff's claim against defendant Sotak can be

6  cured by amendment.

7  Defendant Sotak, the Chief Medical Officer at the Jail, sought plaintiff's consent

8  to obtain records from Sutter General Hospital, the hospital to which plaintiff was transferred

9  after the alleged assault by defendant Kinder.  *See* ECF No. 1 ¶ 16[2]; ECF No. 22 ¶ 33.  Defendant

10  Sotak argues he "had a legitimate penological interest in accessing plaintiff's medical records,

11  namely, continuity of care."  ECF No. 62-1 at 5.  A significant part of the allegations in the

12  second amended complaint center on the alleged deprivation of a prescribed wheelchair.  *See,*

13  *e.g.,* ECF No. 22 ¶¶ 9-15.  Plaintiff alleges that defendant Sotak was informed of the deprivation

14  of the wheelchair and that defendant Sotak "wanted further confirmation" so he ordered that

15  plaintiff "stay in the jail's infirmary until plaintiff's medical records arrived."  ECF No. 22 ¶ 13.

16  Plaintiff also alleges he was "given another wheelchair at the hospital."  ECF No. 22 ¶ 12.  These

17  allegations are sufficient to give rise to an inference that defendant Sotak had a legitimate

18  penological purpose in requesting plaintiff's consent for the medical records:  to confirm the

19  necessity for a wheelchair.[3]  Plaintiff could not now cure the defect in this by pleading an absence

20

21  [2] The original complaint makes clear, in a way the second amended complaint does not,
that plaintiff was transferred to Sutter General Hospital after the alleged assault by defendant

22  Kinder.  As a general rule, once a complaint has been amended prior pleadings serve no function
in the action.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  However, while leave

23  to amend must be "liberally granted," that rule is tempered by the additional requirement that
amended complaints "may only allege 'other facts consistent with the challenged pleading.'"

24  *Reddy v. Litton Industries, Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990) (quoting *Schreiber*
*Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  That

25  defendant Sotak was seeking plaintiff's consent to obtain medical records from the hospital where
plaintiff had been transferred from the Jail is central to this court's determination below that leave

26  to amend would be futile.

27

28  [3] Moreover, plaintiff alleges his reason for refusing to sign a consent for release of his
medical records was that he wanted to sue the Jail.  ECF No. 22 ¶ 32.  While it is possible

4

1    of legitimate penological reasons for seeking plaintiff's medical records.  For these reasons,

2    defendant Sotak's motion to dismiss will be granted without leave to amend.

3                    Defendant Sahba

4            With respect to defendant Sahba's motion, the magistrate judge finds that the

5    second amended complaint states a cognizable Eighth Amendment claim against Sahba and that it

6    is not clear from the face of the second amended complaint that plaintiff failed to exhaust

7    administrative remedies with respect to that claim.  ECF No. 22 at 10-13.  Defendant Sahba

8    objects that (1) none of the grievances cited by plaintiff and attached to the second amended

9    complaint makes any reference to defendant Sahba; and (2) all pre-date the interaction that is the

10   basis for plaintiff's Eighth Amendment claim against defendant Sahba.  Defendant Sahba has

11   presented no evidence of the requirements of the Sacramento County Jail's inmate grievance

12   procedure.⁴  Administrative "exhaustion under §1997e(a) is an affirmative defense that must be

13   pled and proved by a defendant."  *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir.) (citing *Jones v.*

14   *Bock*, 549 U.S. 199, 216 (2007)), *cert. denied sub nom. Scott v. Albino*, __ U.S. __, 135 S. Ct. 403

15   (2014).  Defendant Sahba chose to predicate the motion to dismiss solely on the allegations of the

16   second amended complaint, rather than bringing a motion for summary judgment.  *Cf. Albino*,

17   747 F.3d at 1169 ("[i]n a typical PLRA case, a defendant will have to present probative evidence

18   – in the words of *Jones*, to 'plead and prove' – that the prisoner has failed to exhaust available

19   administrative remedies under § 1997(e)(a).").  In so doing, defendant Sahba failed to meet her

20   burden of proving that plaintiff failed to exhaust administrative remedies for his claim against

21   _____

22   plaintiff could have had more than one reason for declining to consent, none of the allegations of
     the second amended complaint suggests plaintiff was motivated by an absence of legitimate
23   penological reasons to support defendant Sotak's request.

24          ⁴ In addressing defendant Sahba's motion to dismiss for failure to exhaust administrative
     remedies, the magistrate judge relies on two Ninth Circuit cases interpreting state regulations that
25   apply to inmates in CDCR.  *See* ECF No. 74 at 11-12.  It appears that at all times relevant to this
     action plaintiff was a CDCR inmate confined in the Jail for a court appearance.  ECF No. 22 ¶ 9.
26   All defendants were employees at the Jail.  ECF No. 22 ¶¶ 4-7.  The court assumes, without
     deciding, that the requirements of the Jail's grievance procedures would apply to plaintiff's
27   claims in this action.

28
                                                    5

1    her.[5]  Defendant Sahba's motion to dismiss will be denied.

2                    Accordingly, IT IS HEREBY ORDERED that:

3                    1.  The findings and recommendations filed February 11, 2015, are adopted in

4    part;

5                    2.  Defendant Sotak's motion to dismiss (ECF No. 62) is granted without leave to

6    amend; and

7                    3.  Defendant Sahba's motion to dismiss (ECF No. 63) is denied.

8    DATED:  March 30, 2015.

9

10                                                          _____
                                                       UNITED STATES DISTRICT JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24   _____

25        [5] Given the liberal construction requirements that apply to pro se pleadings, defendant
     Sahba reads the second amended complaint too narrowly in limiting the claim against her to the
26   events alleged to have occurred five months after plaintiff's arrival at the jail.  The magistrate
     judge's broader interpretation, that defendant Sahba is implicated in events surrounding the
27   alleged denial of plaintiff's wheelchair after defendant Bauer allegedly discontinued plaintiff's
     wheelchair on or about October 31, 2009, is supported by the record.  *See*, *e.g.*, SAC ¶ 18, ECF
28   No. 22.

                                                 6