UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HENRY FLOURNOY, | No. 2:11-cv-2844-KJM-EFB P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| ERIC MANESS, et al., | |
| Defendants. | |

Plaintiff , a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed several motions to quash, as well as a "motion for an order compelling discovery from Sacramento County Sheriff Scott Jones," who is not a party to this action. For the reasons stated below, the motions are denied.

**I.     Background**

Plaintiff asserts claims against defendants Sahba, Bauer, and Kinder. He claims that Bauer and Sahba were deliberately indifferent to his medical needs by failing to provide him with a wheelchair while he was incarcerated at the Sacramento County Main Jail commencing in October 2009. ECF No. 22, ¶10. He claims that Kinder used excessive force against him in violation of the Eighth Amendment when Kinder removed plaintiff from a courtroom on October 29, 2009. He also asserts a § 1983 malicious prosecution claim against Kinder.

/////

/////

1

## II.     Plaintiff's Motions to Quash

Plaintiff objects to Bauer and Kinder's subpoenas requesting production of plaintiff's medical and psychiatric/mental health records from October 1, 2006, through the present. *See* ECF Nos. 84, 85, 86, 91.[1]  Plaintiff argues that the information in these records is privileged, overbroad, and imposes an undue burden.

Bauer and Kinder argue that plaintiff waived any privacy rights with respect to his medical and mental health records by putting such privileged information at issue in this case. Specifically, plaintiff claims that Bauer wrongfully confiscated his wheelchair while he was temporarily housed at the Sacramento County Main Jail from approximately October 2009 to June 2010.  Further, plaintiff claims that he was thrown down a flight of stairs by defendant Kinder in October 2009, and suffered physical and mental injuries resulting therefrom. Plaintiff testified at his deposition that four different injuries resulted in his need for a wheelchair, including an assault in December 2006, a motor vehicle rollover accident in January 2007, and an injury while climbing a hill at San Quentin State Prison in approximately March 2009. Furthermore, plaintiff testified regarding ongoing physical and mental injuries caused by defendants that he still suffers to date, and he testified that he is claiming these ongoing injuries as present and future damages against the defendants.  Plaintiff also made it clear at his deposition that he was claiming specific mental health injuries caused by the defendants, including depression and post-traumatic stress disorder, and was pursuing a claim for damages regarding same.  Defendants also argue that the records requests place no burden on plaintiff, as the records are sought from plaintiff's medical/mental health providers and will not result in expense or inconvenience to plaintiff.

A party may serve a subpoena commanding a nonparty "to produce documents, electronically stored information, or tangible things . . . ." Fed. R. Civ. P. 45(a)(1)(C).  Upon a

---

[1] Plaintiff's initial motion also sought an extension of time to serve discovery responses. ECF No. 84. However, plaintiff filed a notice with that motion asking the court to "just address the requested time [he] need[s] to file an objection to the . . . subpoena" and to "disregard" the request as it pertains to other "discovery discrepancies." *Id.* at 6.  Accordingly, the court will disregard plaintiff's request for an extension of time.

1  timely motion, the court will quash a subpoena that "requires disclosure of privileged or other
2  protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).  A party may
3  waive his right to privacy in his medical records by placing them at issue in a case. *Smith v.*
4  *Solano County*, No. 2:11-cv-00142-MCE-EFB P, 2012 U.S. Dist. LEXIS 120869, at *3-4 (E. D.
5  Cal. Aug. 24, 2012).  Any waiver, however, is "limited to the private information that is relevant
6  to the lawsuit." *Enwere v. Terman Associates, L.P.*, No. C 07-1239 JF (PVT), 2008 U.S. Dist.
7  LEXIS 101901, at *5 (N.D. Cal. Dec. 4, 2008).
8       In this action, plaintiff seeks money damages against defendants for causing him to suffer
9  physical and emotional injuries.  Thus, plaintiff has placed his medical and mental condition at
10 issue, and thereby waived his privacy rights with respect to his medical and mental health records.
11 Defendants are entitled to discovery of these records to the extent they are relevant to these
12 claims.  Defendants' subpoenas for these records, which encompass a limited and relevant period
13 of time, are reasonable.  Accordingly, plaintiff's motions to quash the subpoenas are denied.
14    **III.    Plaintiff's Motion to Compel**
15       Plaintiff also moves to compel nonparty Sheriff Jones to respond to plaintiff's request for
16 production of documents. ECF No. 93.  Sheriff Jones, who is not a party to this lawsuit, is under
17 no obligation to respond to plaintiff's request for production, as such requests may only be served
18 on parties to the lawsuit. *See* Fed. R. Civ. P 34(a).  Therefore, plaintiff's motion to compel is
19 denied.
20       To the extent plaintiff is requesting permission to subpoena certain documents from
21 Sheriff Jones, the request is also denied.  The court previously informed plaintiff of the
22 requirements for obtaining a subpoena to obtain documents from a non-party. *See* ECF No. 81.
23 Plaintiff has failed to comply with those requirements.
24 /////
25 /////
26 /////
27 /////
28 /////

**IV.     Order**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions to quash and motion to compel (ECF Nos. 84, 85, 86, 91, 93) are denied.

DATED:  October 27, 2015.

                                                    EDMUND F. BRENNAN
                                                    UNITED STATES MAGISTRATE JUDGE

4