UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HENRY FLOURNOY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ERIC MANESS, et al.,<br><br>　　　　　Defendants. | No. 2:11-cv-2844-KJM-EFB P<br><br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This order address plaintiff's "motion to extend discovery,"[1] in which plaintiff seeks additional time to propound discovery on defendants Kinder, Sahba, and Bauer.[2] *See* ECF Nos. 103, 107.

The court's April 17, 2015 discovery and scheduling order stated: "The parties may conduct discovery until August 21, 2015. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be

---

[1] Plaintiff originally filed this motion in November of 2015, but it was buried among his exhibits to a motion for appointment of counsel. *See* ECF No. 103 at 64. Plaintiff re-filed the motion in December of 2015.

[2] Defendants' motions for summary judgment are also pending before the court. ECF Nos. 102, 108, 109. Plaintiff claims he cannot file a response to the motions without further discovery. *See* ECF No. 113 at 4.

1

1  served not later than June 19, 2015." ECF No. 79 at 4.  Defendants oppose plaintiff's motion to
2  modify those deadlines.  ECF Nos. 110, 111.

3        A scheduling order may be modified upon a showing of good cause.  Fed. R. Civ. P.
4  16(b).  Good cause exists when the moving party demonstrates he cannot meet the deadline
5  despite exercising due diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th
6  Cir. 1992).

7        Plaintiff timely served defendants with several discovery requests.  *See* ECF No. 107, Exs.
8  A-B; ECF No. 110 at 3.  Although plaintiff was dissatisfied with some of defendants' responses,
9  he never filed a proper motion to compel.  Plaintiff argues that discovery should be reopened
10 because in June and July of 2015 – before discovery closed – he diligently attempted to obtain
11 further discovery from non-party sources.  ECF No. 107, ¶¶ 1, 3.  In August of 2015, plaintiff
12 continued in his attempt to obtain discovery by moving the court for an order compelling
13 discovery from a non-party.  ECF No. 93.  After the court denied the motion, plaintiff filed the
14 instant motion to reopen discovery.  ECF No. 99; ECF No. 103 at 64.  Plaintiff claims he has
15 been denied access to basic information such as the names of witnesses to the alleged use of
16 excessive force, access to his central file, and video surveillance.  ECF No. 107, ¶¶ 3-5.

17       Good cause appearing, the court will modify the scheduling order to provide additional
18 time for the parties to conduct discovery and file motions to compel.  *See Calloway v. Veal*, 571
19 F. App'x 626, 627 (9th Cir. 2014) (reversing grant of summary judgment for defendants because
20 plaintiff did not have "an appropriate opportunity to conduct discovery," where "[t]he magistrate
21 judge's scheduling order gave the parties a mere three-and-a-half months from the filing of the
22 answer to complete discovery, and an additional two-and-a-half months to file dispositive
23 motions.").  By necessity, the court will also extend the deadline for the filing of dispositive
24 motions.
25 /////
26 /////
27 /////
28 /////

Accordingly, it is hereby ordered that:

1. Plaintiff's "motion to extend discovery" (ECF No. 107) is granted. The discovery and scheduling order is modified as follows:

    a. The parties may conduct discovery until August 26, 2016. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than June 24, 2016.

    b. Dispositive motions shall be filed on or before November 25, 2016. Motions shall be briefed in accordance with paragraph 8 of the order filed June 17, 2014.

2. Ruling on the currently-pending motions for summary judgment (ECF Nos. 102, 108, 109) is deferred pending the completion of the additional discovery provided for in this order. The Clerk shall terminate ECF Nos. 102, 108, and 109. Defendants may file notices of renewal following the completion of discovery.

DATED: May 19, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE