UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HENRY FLOURNOY,<br><br>           Plaintiff,<br><br>      v.<br><br>ERIC MANESS, et al.,<br><br>           Defendants. | No.  2:11-cv-2844-KJM-EFB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He has filed several miscellaneous motions, each addressed below.  ECF Nos. 128, 129, 130, 133.

**I.      Motion to Appoint Medical Expert (ECF No. 128)**

Plaintiff asks the court to appoint a medical expert "to oppose defendants' summary judgment [motions]."  ECF No. 128 at 1.  Plaintiff's motion is denied.

Under 28 U.S.C. § 1915, federal courts may permit an indigent party to file suit without prepaying fees and costs.  That statute does not authorize courts to subsidize witness fees. *Hadsell v. IRS*, 107 F.3d 750, 752-53 (9th Cir. 1997) (relying on *Tedder v. Odel,* 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam)).  Federal Rule of Evidence 706, however, authorizes the court to appoint a neutral expert witness and apportion the fee among the parties.  Where, as here, one party is indigent, the court has discretion to apportion the entire fee to the other side.

*McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated and remanded on other grounds* by *Helling v. McKinney*, 502 U.S. 903 (1991).

Plaintiff appears to seek an expert to testify on his behalf, rather than a neutral expert, and for that reason, the request must be denied. To the extent that plaintiff seeks appointment of a neutral expert, he has made an insufficient showing that a neutral expert is needed to promote accurate fact-finding in this action.[1] *See Gorton v. Todd*, 793 F. Supp. 2d 1171, 1177-78 (E.D. Cal. 2011) (the court's determination to appoint a neutral expert is guided by its consideration of whether the expert will promote accurate fact-finding, the ability of the indigent party to obtain an expert on his own, and the significance of the rights at stake in the case). Accordingly, any motion for appointment of a neutral expert is also denied.

**II.     Request for Subpoenas (ECF No. 129)**

Plaintiff requests that the court send him three signed subpoenas, which he intends to serve on three non-parties, in an effort to obtain responses to requests for admissions from defendant Sahba. ECF No. 129. Plaintiff does not state who he intends to serve with the subpoenas or why they would be in a position to respond, with documents, to requests for admissions.

To the extent plaintiff is requesting subpoenas for service by the U.S. Marshal (as he has previously requested), the request is denied. The court has repeatedly instructed plaintiff that no subpoena could issue without a showing that he had taken steps to avoid imposing undue burden or expense on the person or entity subject to the subpoena. ECF Nos. 81, 127. Federal Rule of Civil Procedure 45(b) requires personal service of a subpoena and "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Austin v. Winett*, 1:04-cv-05104-DLB PC, 2008 U.S. Dist. LEXIS 103279, at *2 (E.D. Cal. Dec. 11, 2008); 28 U.S.C. § 1915(d). Plaintiff was also warned that a subpoena would not be served by the U.S. Marshal unless he could demonstrate that the requested documents were not equally

---

[1] The court notes that there are no pending motions for summary judgment at this time. *See* ECF No. 119 (terminating then-pending summary judgment motions (ECF Nos. 102, 108, 109) pending completion of additional discovery).

1  available to him and not obtainable from the defendant through a properly served request for
2  production. ECF Nos. 81, 127. Once again, plaintiff fails to make such a showing.
3      To the extent plaintiff is requesting subpoenas for service by means other than the U.S.
4  Marshal, that request is also denied. Earlier in these proceedings, the Clerk of the Court provided
5  plaintiff with a blank subpoena form pursuant to Rule 45(a)(3) of the Federal Rules of Civil
6  Procedure. ECF No. 81. Plaintiff does not appear to have attempted proper service of that
7  subpoena. *See* Fed. R. Civ. P. 45(b)(1) (requiring personal service by a nonparty). Discovery is
8  now closed (ECF No. 119) and the court will not direct the Clerk to provide plaintiff with any
9  additional forms.

10  **III.    Motion for Reconsideration (ECF No. 130)**

11      Plaintiff requests reconsideration of the court's August 1, 2016 order (ECF No. 127)
12  denying his request for service by the U.S. Marshal of his subpoena duces tecum on the
13  Sacramento County Sheriff's Department. ECF No. 130. In that order, the court explained to
14  plaintiff that a subpoena would not be served by the U.S. Marshal unless he could demonstrate
15  that the requested documents were not equally available to him and not obtainable from the
16  defendants. Plaintiff argues that a subpoena is appropriate because the defendants claimed not to
17  be in possession, custody, or control of certain documents that plaintiff requested from them in
18  discovery. However, a party seeking discovery must file a motion to compel when the
19  responding party objects to a discovery request. Fed. R. Civ. P. 37(a). Despite an extension of
20  time to do so, plaintiff never filed a proper motion to compel seeking the production of
21  documents. *See* ECF No.119 at 2. The court never determined that the requested documents
22  were discoverable or that they could only be obtained from the Sacramento County Sheriff's
23  Department. "The Federal Rules of Civil Procedure were not intended to burden a non-party with
24  a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum."
25  *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Thus, plaintiff has not shown that
26  service by the U.S. Marshal of his subpoena duces tecum is proper in this case.
27  /////
28  /////

Plaintiff's request for reconsideration (ECF No. 130) is denied.[2]

**IV.     Motion to Compel Discovery (ECF No. 133)**

Plaintiff moves to compel defendants Bauer, Kinder, and Sahba to respond to his requests for admissions. He also seeks $40 for the time expended in filing his motion.

As the moving party, plaintiff bears the burden of informing the court of (1) which discovery requests are the subject of his motion to compel, (2) which of defendants' responses are disputed, (3) why he believes defendants' responses are deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *See, e.g., Brooks v. Alameida*, No. CIV S-03-2343 JAM EFB P, 2009 U.S. Dist. LEXIS 9568, (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion"); *Ellis v. Cambra*, No. CIV 02-05646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 109050 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").

**A. Defendant Sahba**

As for defendant Sahba, plaintiff seeks further responses to request for admissions numbers 4, 6, 9, 11, 12, 13, 14, 15, 18, 20, 21, 23, 26, 27, 29, 32, 34, 35, 36, 37, 38, and 40. ECF No. 133, Ex. A.

According to plaintiff, Sahba failed to "respond appropriately" to these requests. *Id.* at 6. However, request numbers 4, 6, and 21 sought admissions as to the authenticity or possession of certain documents that were not included with the requests. *See id.*, Ex. D; ECF No. 135. Sahba's objections as to the incomplete nature of these requests are sustained.

/////

/////

---

[2] Plaintiff asks that if his motion is denied, he be allowed to serve the subpoena himself. ECF No. 130 at 10. That request is denied because Rule 45(b)(1) requires that subpoenas be personally served by a nonparty.

Request numbers 9, 11, 34, 35, and 38 sought admissions that posed incomplete hypotheticals or would have required Sahba to speculate. *See* ECF No. 133, Ex. D. Sahba's objections in this regard are sustained.

In response to requests numbers 13, 32, 37, and 40, Sahba appropriately objected to the use of vague and ambiguous terms. *Id.*

Sahba provided partial responses to many of the requests, and her responses to request numbers 12, 14, 15, 18, 20, 23, 26, 27, 29, 36, are facially sufficient. It is unclear why plaintiff deems these responses deficient.

As the moving party, plaintiff has failed to carry his burden on a motion to compel. Accordingly, the motion to compel further responses from defendant Sahba is denied.

**B. Defendant Kinder**

As for defendant Kinder, plaintiff seeks further responses to request for admissions numbers 10, 12, 13, 16, 19, 23. ECF No. 133, Ex. B.

Request number 10 sought an admission that Kinder had made a certain statement on October 29, 2009. Kinder responded that he "does not recall." *Id.* Plaintiff, however, believes that Kinder can recall. *Id.*, Ex. D. Kinder also responded to request number 16 that he could "not recall," and to request number 23 that he "lacks sufficient information to admit or deny." *Id.*, Ex. B. Though plaintiff may quarrel with the veracity of Kinder's representations, he presents no information to show that they are false. Plaintiff's motion is denied as to these requests.

Request number 12 sought an admission that "plaintiff tried to stop himself from falling down the stairs regarding the incident in question." Kinder appropriately objected to the request as calling for speculation, and also responded as follows: "Deny, as it appeared from responding party's observations that plaintiff was descending the stairs in a slow, controlled manner and made no attempt to stop his descent down the stairs." It is unclear why plaintiff deems this response deficient. His motion is denied as to this request.

Kinder properly objected to request number 13 because it sought an admission regarding an "operations order" that was not included with the request. ECF No. 136 at 9. Plaintiff claims he has since supplied Kinder with the missing document, ECF No. 133, Ex. D, but Kinder claims

5

no such document was produced, ECF No. 136 at 9.  The court will grant plaintiff's motion as to request number 13 to the extent that, within 21 days of the date of this order, plaintiff must serve defendant Kinder with a copy of the "operations order" at issue.  Within 14 days of receipt, Kinder shall serve on plaintiff an amended response to request number 13, and a declaration with the court regarding the same.

Request number 19 sought an admission as to whether Kinder had been investigated "at least three times" for use of excessive force.  ECF No. 133, Ex. C.  Kinder objected to the request, in part, as seeking improper character evidence and as not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff claims he needs the information to prove that Kinder has "a propensity to conduct [himself] in a violent way."  *Id.*, Ex. D.  Rule 404(a)(1) of the Federal Rules of Evidence, however, bars plaintiff from using prior instances of force to prove that he was subjected to excessive force as alleged in the complaint, and plaintiff has not shown how any unrelated investigations into Kinder bear relevance to his claim.   Plaintiff's motion is denied as to this request.

**C.  Defendant Bauer**

As for defendant Bauer, plaintiff seeks further responses to request for admissions numbers 3, 11, 12, 13, 14, 15, 16, 17, 19, 22, 23, 24, 25, 28, 33, 34, and 35.  ECF No. 133, Ex. C.

Plaintiff is dissatisfied with Bauer's responses to request numbers 3, 12, 14, 25, and 28 because Bauer only admitted them with certain objections or qualifications, using language such as, "admit to the extent that . . ." or "deny as phrased," followed by a response.  *Id.*, Ex. D.  Plaintiff fails to demonstrate that any of these responses are improper.

Plaintiff also seeks further responses to request numbers 11, 15, 16, 22, 23, 24, 33 and 34 because in responding, Bauer allegedly "failed to refer to evidence" that is in his possession.  *Id.*  Bauer's responses indicate that he lacks sufficient information to admit or deny the requests.  Plaintiff has not demonstrated that these responses are disingenuous or otherwise improper.

Plaintiff also seeks a further response to request number 13, which stated, "admit that you have been investigated while at the Sacramento County Main Jail for."  Bauer appropriately objected to this request as incomplete.

Plaintiff also appears to seek further responses to request numbers 17, 19, and 35. Bauer's responses are not facially deficient and plaintiff offers no explanation as to why further responses should be compelled.

For these reasons, plaintiff's motion to compel further responses from defendant Bauer is denied.

**V.     Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of a medical expert (ECF No. 128) is denied.
2. Plaintiff's request for subpoenas (ECF No. 129) is denied.
3. Plaintiff's request for reconsideration (ECF No. 130) is denied.
4. Plaintiff's motion to compel (ECF No. 133) is granted as to request for admission number 13 directed to defendant Kinder. Within 21 days of the date of this order, plaintiff may serve defendant Kinder with a copy of the "operations order" at issue. Within 14 days of receipt, Kinder shall serve on plaintiff an amended response to request number 13, and a declaration with the court regarding the same. In all other respects, the motion to compel is denied.

Dated: November 2, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE