1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES HENRY FLOURNOY,                    No.  2:11-cv-2844-KJM-EFB P

12            Plaintiff,

13       v.

14   ERIC MANESS, et al.,                     ORDER

15            Defendants.

16

17       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  Defendants Sahba, Kinder, and Bauer have each filed a motion for summary

19   judgment.[1]  ECF Nos. 138, 139, 140.  In addition to opposing defendant Sahba's motion for

20   summary judgment, plaintiff has filed the following three motions: (1) a "Request for Nunc Pro

21   Tunc Order for Reciprocal Discovery," (2) a "Motion to Compel Discovery from Defendant [ ]

22   Kinder," and (3) a "Request for Extension of Time to Oppose Defendant[s'] [ ] Summary

23   Judgment and/or Summary Adjudication."  ECF Nos. 144, 146, 149.  As explained below,

24   /////

25   /////

26   /////

27   ───────────────

28       [1] Defendants' previous motions for summary judgment (ECF Nos. 102, 108, 109) were
     denied without prejudice pending the completion of additional discovery.  ECF No. 119.

1

1    plaintiff's motions, which are construed as requests under Federal Rule of Civil Procedure 56(d),[2]

2    to further delay ruling on defendants' summary judgment is denied.

3         This action proceeds on plaintiff's Second Amended Complaint.  ECF No. 22.  Plaintiff

4    claims that defendants Bauer and Sahba were deliberately indifferent to his medical needs by

5    failing to provide him with a wheelchair, forcing him to crawl.  Plaintiff also claims that

6    defendant Kinder used excessive force when he removed plaintiff from a courtroom and threw

7    plaintiff down a stairwell, and that Kinder then maliciously prosecuted plaintiff on false charges

8    of resisting an officer.

9         Plaintiff claims he cannot oppose defendants' summary judgment motions until he obtains

10   the following discovery:[3] (1) the names of the inmate witnesses to Kinder's alleged use of

11   excessive force; (2) the names of the inmates who witnessed plaintiff's crawling; and (3) certain

12   dates, which would allow plaintiff to "pin down" when defendants Sahba and Bauer "refuse[d] to

13   take corrective action."  ECF No. 149 at 2.

14        Rule 56(d) permits a party opposing a motion for summary judgment to request an order

15   deferring the time to respond to the motion and permitting that party to conduct additional

16   discovery upon an adequate factual showing.  *See* Fed. R. Civ. P. 56(d).  The request must include

17   an affidavit that identifies "the specific facts that further discovery would reveal, and explain why

18   those facts would preclude summary judgment."  *Tatum v. City and County of San Francisco*, 441

19   F.3d 1090, 1100 (9th Cir. 2006).  The request may be denied where the moving party's own delay

20   prevented him from obtaining the requested information during the discovery period.  *Landmark*

21   *Dev. Corp. v. Chambers Corp.*, 752 F.2d 369, 372-73 (9th Cir. 1985).

22        Here, it is plaintiff's own delay that prevented him from obtaining the requested

23   information within the time period permitted to complete discovery.  The initial discovery and

24   _____

25   [2] Where a party opposing summary judgment shows that he cannot present facts essential
to the opposition, Rule 56(d) allows the court to: (1) defer consideration of the motion, (2) deny

26   the motion, (3) allow time for further discovery, or (4) issue another appropriate order.  Fed. R.
Civ. P. 56(d).

27

28   [3] Despite this representation, plaintiff filed an opposition to defendant Sahba's motion for
summary judgment.  ECF No. 156.

2

1    scheduling order permitted the parties to conduct discovery through August 21, 2015.  ECF No.

2    79.  During that time, plaintiff received a response from defendant Kinder to plaintiff's request

3    for the names of inmate witnesses to the alleged use of excessive force.  *See* ECF No. 93 at 23.

4    Plaintiff, who now argues that Kinder's response is deficient, did not move to compel a further

5    response from Kinder.  ECF No. 146 at 1-2.  However, on January 14, 2016, after defendants

6    filed their initial motions for summary judgment, plaintiff claimed that he could not respond

7    without first obtaining additional discovery.  ECF No. 113 at 4, 11.  Noting that plaintiff claimed

8    to have been denied access to basic information such as the names of witnesses to the alleged use

9    of excessive force, the court modified the scheduling order for the express purpose of providing

10   additional time for the parties to conduct discovery and to file motions to compel.  ECF No. 119

11   at 2 (May 19, 2016 Order extending discovery deadline to August 26, 2016).  The court denied

12   the motions for summary judgment without prejudice to renewal pending the completion of

13   additional discovery.  *Id.* at 3.   Plaintiff squandered this second opportunity to file a timely and

14   proper motion to compel, as he waited until after defendants renewed their summary judgment

15   motions to file the instant "Motion to Compel Discovery from Defendant [ ] Kinder."[4]  Thus,

16   plaintiff had the ability to seek an order compelling still further discovery but he ignored it.  If he

17   has not obtained the names of inmate who are claimed to have witnessed the alleged use of force,

18   that is due to plaintiff's own delay.[5]  As for the remaining discovery plaintiff claims to need (i.e.,

19   the names of inmates who witnessed him crawling and specific dates on which he interacted with

20   defendants Sahba and Bauer), plaintiff offers no explanation of what efforts he made, and why he

21          [4] In the motion, however, plaintiff does not actually seek to compel a further response to
22   his request for production.  Rather, he expresses dissatisfaction with the documents produced
     because they do not contain the information he believes they should and seeks to propound a new
23   interrogatory.  *See* ECF No. 146.

24          [5] Plaintiff's attempts to obtain discovery through other means (i.e., subpoenas and public
     records requests) do not excuse his failure in this regard.  *See Ghazali v. Moran*, 46 F.3d 52, 54
25   (9th Cir. 1995) ("[P]ro se litigants are bound by the rules of procedure."); *see also* ECF Nos. 81
     (June 17, 2015 order informing plaintiff that before directing the U.S. Marshal to serve a
26   subpoena, he must first show that the documents he requests are not equally available to him and
     are not obtainable from defendant through a properly served request for production); ECF No. 99
27   (October 27, 2015 Order regarding the same); ECF No. 119 (May 19, 2016 Order noting that
28   plaintiff had failed to file a proper motion to compel).

1   could not obtain that information prior to the close of discovery.  Given plaintiff's lack of

2   diligence, his Rule 56(d) request must be denied.

3          Plaintiff also fails to explain why the discovery sought would preclude summary

4   judgment.  He argues that the witnesses to the alleged use of excessive force would testify that

5   Kinder "failed to instruct [plaintiff] to exit the cage, abruptly placed [plaintiff] in the chokehold,

6   dragged [plaintiff] to the top of the stairwell, threatened to throw [plaintiff] down the stairs, and

7   proceeded with his threat." ECF No. 155 at 5.  Plaintiff adds that the witnesses will also testify

8   that Kinder "choked plaintiff until he was unconscious" and commented "Damnit, this is a

9   lawsuit." *Id.*  All but one of these allegations is included in plaintiff's sworn Second Amended

10  Complaint, which may serve as an affidavit for purposes of summary judgment.[6]  *See* ECF No. 22

11  ¶¶ 36, 46, 47; *Human Life of Washington Inc. v. Brumsickle*, 624 F.3d 990, 1022 (9th Cir. 2010).

12  Supporting statements from inmate witnesses would be cumulative to plaintiff's own allegations,

13  and thus, are not necessary to show that plaintiff disputes Kinder's version of these facts.

14  Similarly, inmate statements that plaintiff was seen crawling are not necessary to defeat Sahba or

15  Bauer's motions, as plaintiff provided his own sworn statement in the regard through his

16  complaint.  *See, e.g.,* ECF No. 22, ¶¶ 12, 15, 16, 18, 19, 24, 25, 26.  Lastly, plaintiff fails to

17  explain why he must "pin down" the specific dates on which he encountered defendants Sahba

18  and Bauer in order to defeat their motions for summary judgment.

19         Accordingly, IT IS HEREBY ORDERED that plaintiff's "Request for Nunc Pro Tunc

20  Order for Reciprocal Discovery," "Motion to Compel Discovery from Defendant [ ] Kinder," and

21  a "Request for Extension of Time to Oppose Defendant[s'] [ ] Summary Judgment and/or

22  Summary Adjudication" (ECF Nos. 144, 146, 149), construed as a motion brought pursuant to

23  Federal Rule of Civil Procedure 56(d), is denied.  IT IS FURTHER ORDERED that plaintiff shall

24  file his response to defendant Bauer and Kinder's summary judgment motions within 30 days of

25  /////

26

27         [6] Although the complaint does not include the allegation that Kinder commented,
    "Damnit, this is a lawsuit," evidence in this regard would not create a genuine issue as to whether
28  Kinder did or did not use excessive force, and therefore, would not preclude summary judgment.

1    the date of this order.  Failure to comply with this order may result in a recommendation that this

2    action be dismissed without prejudice.

3    DATED:  March 14, 2017.

4                                                              EDMUND F. BRENNAN
                                                             UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28